## Albert R. Brewster *vs.* James W. Bailey.

A notice, signed by a mortgagee of personal property, and delivered to a deputy sheriff who has attached the property on a writ against the mortgagor, is sufficient under Rev. Sts. c. 90, § 79, if it notifies him to deliver up the property, and describes the mortgage and the notes secured thereby, although it does not contain an express demand of payment.

A demand of payment under Rev. Sts. c. 90, § 79, by a mortgagee of personal property on an attaching officer, may state the full amount of the debt, without deducting what the mortgagor might deduct on the ground of a usurious consideration.

ACTION OF TORT against a deputy sheriff for taking and carrying away chattels attached by him on mesne process against Jonathan J. Sawyer.

At the trial in the court of common pleas, the plaintiff, to prove his title, gave in evidence a mortgage of the property from Sawyer to himself to secure the payment of four notes for the sum of $250 each, and interest; and testified that, at the time of giving the mortgage, Sawyer owed him $476, and promised to pay him a bonus of $24, if he would lend him $500 more; that he accordingly lent him $500, and the $24 was included in the notes.

The plaintiff proved the delivery to the defendant of an instrument in writing, signed and sworn to by him before a justice of the peace, which was addressed to the defendant, and notified him to deliver up the property in question, " said property being mortgaged by said Sawyer to me by mortgage," (describing it,) " to secure the payment of four promissory notes " (described) and concluded, " and there is now justly and truly due to me upon said notes the sum of one thousand dollars and interest, being the full amount of said notes."

*Briggs*, J. instructed the jury that the delivery of this pape to the defendant was a sufficient demand as required by Rev. Sts. c. 90, §§ 78, 79; but did not instruct the jury whether the account in writing was upon the evidence a just and true account. The verdict was for the plaintiff, and the defendant alleged exceptions.

*N. W. Harmon,* for the defendant.

*D. Saunders, Jr.,* for the plaintiff.

MERRICK, J.   Two objections are taken to the proceedings in the court below; but neither of them affords a sufficient reason for disturbing the verdict.   Upon a proper construction of the written instrument which was signed by the plaintiff, and duly sworn to before a competent magistrate, according to his certificate thereto subjoined, its delivery to the defendant must be considered to be a substantial demand of payment from him; and we are satisfied, in view of the facts set forth in the bill of exceptions, that it contained a just and true amount of the aggregate sum which was due upon the notes secured by the mortgage held by the plaintiff.

It is true that no demand of payment is expressed in direct terms in the written instrument; but that is obviously the real effect and purport of it.   It distinctly notified the defendant of the existence of the mortgage made by Sawyer, of the purpose for which it was given, of the property conveyed by it, and of the amount due upon the notes described in the condition of it. The object, purpose and meaning of this notice could not be mistaken.   It was a claim to have the property delivered to th plaintiff, discharged and relieved from the attachment.   And as it was liable to the debt of the plaintiff, and could be lawfully withheld from him under the attachment only upon condition that the debt secured by the mortgage should be first paid, the claim to be put into immediate possession of the property, accompanied by a full statement of all the facts and circumstances upon which the rights of both parties depended, comprehended by necessary implication a demand of the money which was due.   That was sufficient, since no particular form of expression is requisite to constitute a demand of payment. Any language, which by a reasonable interpretation has that mport, is as significant and effectual as the use of other words, however direct or explicit they may be.

The account stated of the amount of the debt then due to the plaintiff, and for which the property attached by the defendant was liable, was correct and true.   Sawyer, the mortgagor, might indeed, if an action had been brought against him to recover

the contents of the several notes secured by the mortgage, have availed himself of the provisions of the statute respecting usury and the taking of unlawful interest, to diminish the amount of the plaintiff's claim. But this he has not done; nor is he required to do anything of the kind. He has a right to determine for himself whether, if called upon in a suit at law for payment, he will resort to any such defence to diminish the judgment which may be recovered against him. If he interposes no such objection, none of his creditors can do it for him or on his behalf. The statute does not invalidate a usurious contract, or render it wholly inoperative; but on the contrary expressly declares that no assurance for the payment of money with interest at a greater than the legal rate shall thereby be null and void. Rev. Sts. *c.* 35, § 2. The contract is a valid and legal obligation, subject only to the right given to the promisor to set off the prescribed penalty, when its amount has been duly ascertained, either as a complete or partial defence as the case may be. The sum of twenty four dollars, which Sawyer agreed to pay the plaintiff as a bonus for raising and loaning to him the sum of five hundred dollars, constituted a part of the consideration of the notes referred to and described in the written notice given to the defendant. But Sawyer makes no objection to the plaintiff's right to recover the whole contents of the notes without diminution; and the defendant in the present action has no authority to set it up or avail himself of it. As between him and the plaintiff therefore, the account stated in the written instrument delivered to him was just and true; and there was consequently no imperfection in this respect, in the notice which he received, to justify him in the detention of the property to which the plaintiff, upon the failure to pay him the amount of his debt, was entitled.

As the account rendered to the defendant was correct and right, it is wholly unimportant that the court omitted to give any instructions to the jury upon the subject. As a question of fact, it should properly have been submitted to their decision; and this we are to presume was done, as nothing to the contrary is shown in the exceptions. *Exceptions overruled.*